IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

JAMES VANDIVER, on behalf of himself
and all others similarly situated,

      Plaintiff,

v.

MG BILLING LIMITED dba PROBILLER,
and DOES 1- 50, inclusive,

      Defendant.

## CLASS ACTION COMPLAINT

Plaintiff JAMES VANDIVER, on behalf of himself and all others similarly situated, complains and alleges upon information and belief based, among other things, upon the investigation made by Plaintiff and through his attorneys as follows:

### INTRODUCTION

1. This is a proposed class action seeking monetary damages, restitution, and injunctive and declaratory relief from Defendant MG Billing Limited d/b/a Probiller ("Defendant" or "Probiller"), arising from Probiller's deceptive and fraudulent billing practices.

2. Specifically, Probiller lures consumers into providing their credit card information based on the promise of a cheap $2 "trial" membership to an adult entertainment website, and it represents that users who cancel the "trial" within 48 hours will incur no further charges. But that is false.

3. In fact, Probiller exploits the "trial" offer to sneak other expensive monthly subscription charges onto users' credit cards.

4. Here's how it works. During the "trial" sign-up process, Probiller surreptitiously opts users into membership for a second, *additional* adult entertainment membership, then proceeds to charge consumers monthly subscription fees for the additional adult entertainment membership—even for users who cancel during the "trial" period.

5. For example, Plaintiff signed up for a $2, 2-day trial membership, relying on the express promise on the adult entertainment website that he would incur no additional charges if he cancelled within 48 hours, and that if he didn't cancel he would be charged a maximum of $39.99/month.

6. He duly cancelled the trial membership within 48 hours. He later learned, to his surprise, that he was assessed monthly fees in excess of $500 for a *different* adult entertainment membership, which he did not want and did not use.

7. Probiller's conduct amounts to a bait & switch, violates state consumer protection law, and breaches its contract with consumers.

8. As a result of Probiller's deceptive conduct, Plaintiff paid nearly $500 in charges for a $2, 2-day trial that he cancelled almost immediately after he signed up.

9. Plaintiff and Class members have been injured by Probiller's deceptive and fraudulent practices. Plaintiff brings this action on behalf of himself, the putative Class, and the general public. Plaintiff seeks actual damages, punitive damages, restitution, and an injunction on behalf of the general public to prevent Probiller from continuing to engage in its illegal practices described herein.

## PARTIES

10. Plaintiff James Vandiver is a citizen and resident of Boulder, Colorado.

11. Defendant MG Billing Limited dba Probiller is engaged in the business of providing billing services to American consumers, including Plaintiff and members of the putative Classes. Probiller is headquartered in Cyprus and has specifically consented to the personal jurisdiction of this Court by agreement between the Parties.

## JURISDICTION AND VENUE

12. This Court has original jurisdiction of this action, among other reasons, under the Class Action Fairness Act of 2005. Pursuant to 28 U.S.C. §§ 1332(d)(2) and (6), this Court has original jurisdiction because (1) the proposed Class is comprised of at least 100 members; (2) at least one member of the proposed class resides outside of Colorado ; and (3) the aggregate claims of the putative class members exceed $5 million, exclusive of interest and costs.

13. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Probiller is subject to personal jurisdiction here and regularly conducts business in this District, and because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this district. Moreover, Defendant has consented to venue here by agreement between the Parties

## FACTUAL BACKGROUND AND GENERAL ALLEGATIONS

### A. Pornography is a Multibillion Dollar Business

14. According to a recent study, 30% of all data transferred across the Internet is pornography and pornography sites get more visitors each month than Netflix, Amazon and Twitter combined.[1]

---

[1] "Porn Sites Get More Visitors Each Month Than Netflix, Amazon And Twitter Combined," Huffington Post, available at https://www.huffpost.com/entry/internet-porn-stats_n_3187682 (last accessed May 15, 2021)

3

15. Globally, pornography is a $97 billion industry, with an estimated $10-$12 billion coming from the United States.[2]

16. 10.5 percent of U.S. men have paid for Internet pornography subscriptions.[3]

17. But as ubiquitous as it is, the pornography industry remains highly unregulated, and remains fertile ground for fraudulent business practices such as those that are the subject of this complaint.

18. This lawsuit seeks to hold Defendant accountable for a practice that, in any other industry, would have ended years ago.

**B. Brazzers Is A Popular Membership-Based Website Which Partners with Probiller to Handle the Billing for its Memberships**

19. Brazzers markets itself as "the world's leading adult entertainment brand."[4]

20. Unlike many other websites offering similar content, Brazzers is not free. Instead, access to Brazzers' content requires a "membership."

21. Brazzers offers several membership programs, including monthly subscription, an annual subscription, and a 2-day trial, which is offered at a cost of $1/day.

22. Defendant Probiller handles the billing for all of Brazzers' memberships. Indeed, when consumers sign up for a membership on Brazzers, that membership is governed by Terms of Service with Probiller—not Brazzers. Additionally, the webpage on which consumers enter their credit card information is hosted by both Probiller and Brazzers and can be found at

---

[2] "Things Are Looking Up in America's Porn Industry," NBC News, available at https://www.nbcnews.com/business/business-news/things-are-looking-americas-porn-industry-n289431 (last accessed May 15, 2021).

[3] "How Many Men Actually Pay for This?," Bustle, available at https://www.bustle.com/articles/189498-how-many-men-actually-pay-for-porn-one-in-10-guys-have-paid-porn-subscriptions (last accessed May 15, 2021).

[4] "Brazzers to Shut Down Porn Site and Rally 18.5M+ Americans to #StrokeTheVote," Yahoo!Finance, available at https://finance.yahoo.com/news/brazzers-shut-down-porn-rally-165100831.html (last accessed May 15, 2021).

probiller.brazzers.com. In addition, the Probiller logo is displayed prominently at the bottom of the membership sign-up page for Brazzers with the advertisement, "We use Probiller as our trusted biller." And, the bottom of the Brazzers membership sign-in page provides the contact information for Probiller, not Brazzers:



C. **Plaintiff Was Deceived Into Paying Monthly Subscription Fees, Even After "Trial" Cancellation**

23. Plaintiff Vandiver signed up for the Brazzers 2-day trial membership in October 2019. At the time Plaintiff Vandiver signed up for his Brazzers trial, the membership screen looked like this:



24. Further, at the time Plaintiff Vandiver signed up, a disclaimer at the bottom of the page read: "2 Days Membership Rebill at $39.99 until cancelled."

25. However, users who click "2 Days Membership" are automatically enrolled in a second adult entertainment membership as well. Probiller automatically enrolled Plaintiff into a "premium" membership, too. The premium membership billed at $34.97/month, bringing the total cost of the membership to almost $75/month.

26. Plaintiff, like other reasonable consumers, selected the "2 Days Membership" and clicked the large "Start Membership" button without realizing that by doing so, he would be automatically enrolled in two separate memberships, including an additional paid membership that would require a *separate* cancellation.

27. By using a large "Start Membership" button—which after all, refers to a single membership, not multiple memberships—along with other design tricks, Defendant ensured users did not and could not determine the truth: that Probiller was signing up users for two separate memberships and two separate trials that required two separate cancellations to avoid expensive monthly subscription fees.

28. This is far from the norm in electronic commerce in general. While "free trials" that convert to recurring memberships are common in e-commerce, nearly all platforms prominently state directly adjacent to the "start trial" button that failure to cancel will result in automatic renewal and provide the terms of that renewal. Indeed, such prominent placement is mandated by law in many states, including Colorado, which recently passed legislation to protect consumers from misleading and deceptive practices with respect to these automatically renewing contracts.[5]

---

[5] *See* https://leg.colorado.gov/bills/hb21-1239

29. Here, Probiller did not alert users that two separate memberships were created simultaneously, requiring two separate cancellations, in an intentional design choice to deceive its users.

30. Defendant's bait-and-switch lured Plaintiff and other consumers into purchasing the "2 Days Membership" based on the false promise that timely cancellation would avoid all monthly subscription fees. Then, armed with consumers' credit card information, Defendant quietly and automatically enrolled Plaintiff and other consumers into ancillary memberships they did not want, need, or use.

### D. Probiller Does Not Cancel Trial Memberships Even When Consumers Request That They Do So

31. Plaintiff's experience is informative. Plaintiff signed up for a 2-day trial on October 18, 2019.

32. On October 20, 2019—less than 48 hours later—Plaintiff cancelled his membership and received a confirmation email from cancellation@probiller.com. That confirmation email stated:

> Greetings,
>
> Your member account has been cancelled.
>
> Site URL: www.brazzers.com
> Username: [redacted]
> Valid until: 2019-10-20 18:17:43
>
> *************************************
> This is to confirm that your web site membership to www.brazzers.com
> has been cancelled. You will continue to have access until 2019-10-20 18:17:43.
>
> Thank you for being a member

7

33. After receiving confirmation from Probiller that his "membership" had been cancelled, Plaintiff reasonably understood that he would incur no further charges for the "trial" he began less than 48 hours before.

34. In other words, Plaintiff reasonably understood he was signing up for a single "trial," and a single, timely cancellation would cease all aspects of that "trial."

35. However, Plaintiff continued to be billed by Probiller for several more months for membership in the separate, additional adult entertainment website that Probiller had surreptitiously signed him up for.

36. In total, Plaintiff paid nearly $500 for a $2 trial membership that he cancelled almost immediately after he enrolled.

**E. Numerous Consumer Complaints Confirm Plaintiff's Experience Is Not Unique**

37. Numerous consumer complaints confirm Plaintiff's experience is far from unusual.

38. The following online consumer complaints are indicative of a broader problem:

> I have cancelled my membership of two day trial but I have changed [sic] 34USD after it.

> I signed up for a 1 dollar trial with brazzers and they ran me all over trying to cancel that it took me about 2 weeks to complete cancellation. By that time i had been charged the initial 1 dollar as well as 24. 95 twice and 39. 99 twice so i ended up paying over 130 bucks for a 1 dollar trial. It's a total scam. I was charged 24. 95 as the membership fee and 39. 99 to look at content. It is a scam do not go to brazzers.

> Why am i being charged in my bank account $39.99 even after i cancelled my account 2 days ago? I do not understand it. Will i be refunded my $39.99? When will i get it back?

> So I subscribed for a 3 day trial for a $1.00 a day and it said you would automatically cancel after 3 days but now I have this 40.00 subscription. I am trying to figure out how cancel this and get mt money back.

> I already cancel brazzers membership but still deduce money from my account twice. Please cancel my membership so that you won't charge me again.
>
> I got the cancellation confirmation email and was still charged two days later 34.95 and I haven't gotten on the website since my trial and they've forced my account negative twice!
>
> Got screwed over by this company as well. Signed up for the 2 day trial ($1 I believe) - cancelled later that day. Just checked my credit card statement and found that I was charged $70 from their 2 companies yesterday.
>
> It does not do any good to cancel, because they will still charge you. I cancelled this on two separate occasions, but somehow they had no record of my cancelling.

### F.  Probiller's Conduct Breaches its Contract with Consumers

39. Probiller's conduct as described herein breaches its contract with consumers.

40. First, Plaintiff and class members did not agree to be charged for anything more than the single membership they signed up for. Nowhere in the contract does it allow Probiller to bill Plaintiff and class members for additional ancillary memberships that they did not explicitly agree to. To the contrary, the contract prohibits it:

> **Automatic Recurring Billing (If Selected By Subscriber On The Sign Up Page)**
> In accordance with the terms and conditions of the Site subscription fees may be automatically renewed at or after the end of the original term selected, for a similar period of time and for a similar or lower amount, unless notice of cancellation is received from the Subscriber. Unless and until this agreement is cancelled in accordance with the terms hereof, Subscriber hereby **authorizes MG Billing to charge subscriber's chosen payment method to pay for the ongoing cost of membership**. Subscriber hereby further authorizes MG Billing to charge subscriber's chosen payment method for any and all additional purchases of materials provided on the site. In the event of an unsuccessful recurring payment, an administration fee of up to $2.00 may be applied in order to keep a subscription temporarily active until the full subscription fee can be processed successfully.

...

**Ex. A** (emphasis added).

41. By charging Plaintiff and class members for additional memberships that they did not affirmatively select, Probiller breaches its contract.

42. Moreover, Probiller's failure to cancel memberships breaches its contract with consumers.

43. Probiller's terms of service promise:

> At any time, and without cause, subscription to the service may be terminated by either: MG Billing, the Site, or the Subscriber upon notification of the other by electronic or conventional mail, by chat, or by telephone. Subscribers are liable for charges incurred until the date of the termination.

**Ex. A.**

44. Defendant breaches the terms of service by failing to cancel the membership as promised.

## **CLASS ALLEGATIONS**

45. Plaintiff brings this action on behalf of himself, and all others similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure. This action satisfies the numerosity, commonality, typicality, adequacy, predominance and superiority requirements of Rule 23. The proposed classes are defined as:

> All consumers who, within the applicable statute of limitations preceding the filing of this action to the date of class certification, signed up for a Brazzers membership and subsequently paid more than the Brazzers membership fee to Probiller (the "Bait & Switch Class").

> All consumers who, within the applicable statute of limitations preceding the filing of this action to the date of class certification cancelled their Brazzers membership but were subsequently charged by Probiller (the "Cancellation Class").

46. In addition to the proposed nationwide classes, Plaintiff also brings this action on behalf Colorado subclasses.

47. Excluded from the Classes are Defendants, any entities in which they have a controlling interest, any of their parents, subsidiaries, affiliates, officers, directors, employees and members of such persons' immediate families, and the presiding judge(s) in this case, and their staff. Plaintiff reserves the right to expand, limit, modify, or amend this class definition, including the addition of one or more subclasses, in connection with his motion for class certification, or at any other time, based upon, *inter alia,* changing circumstances and/or new facts obtained during discovery.

48. Plaintiff reserves the right to modify or amend the definition of the proposed Class and/or add a subclass(es), if necessary, before this Court determines whether certification is appropriate.

49. The questions here are ones of common or general interest such that there is a well-defined community of interest among the members of the Class. These questions predominate over questions that may affect only individual class members because Probiller has acted on grounds generally applicable to the Class. Such common legal or factual questions include, but are not limited to:

    a. Whether Defendant's alleged misconduct misled or had the tendency to mislead consumers;

    b. Whether Defendant engaged in unfair, unlawful, and/or fraudulent business practices under the laws asserted;

    c. Whether Defendant's alleged conduct constitutes violations of the laws asserted;

   d. Whether Defendant breached its contract with consumers;

   e. Whether Plaintiff and members of the Class were harmed by Defendant's misrepresentations;

   f. Whether Defendant was unjustly enriched;

   g. Whether Plaintiff and the Class have been damaged, and if so, the proper measure of damages; and

   h. Whether an injunction is necessary to prevent Defendant from continuing to engage in the wrongful conduct described herein.

50. The parties are numerous such that joinder is impracticable. Upon information and belief, and subject to class discovery, the Class consists of thousands of members or more, the identity of whom are within the exclusive knowledge of and can be ascertained only by resort to Probiller's records. Probiller has the administrative capability through its computer systems and other records to identify all members of the Class, and such specific information is not otherwise available to Plaintiff.

51. It is impracticable to bring members of the Class individual claims before the Court. Class treatment permits a large number of similarly situated persons or entities to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of evidence, effort, expense, or the possibility of inconsistent or contradictory judgments that numerous individual actions would engender. The benefits of the class mechanism, including providing injured persons or entities with a method for obtaining redress on claims that might not be practicable to pursue individually, substantially outweigh any difficulties that may arise in the management of this class action.

52. Plaintiff's claims are typical of the claims of the other members of the Class in that they arise out of the same wrongful business practices by Probiller, as described herein.

53. Plaintiff is more than adequate representative of the Class in that Plaintiff is a Probiller customer and has suffered damages as a result of Probiller's contract violations. In addition:

   a) Plaintiff is committed to the vigorous prosecution of this action on behalf of himself and all others similarly situated and has retained competent counsel experienced in the prosecution of class actions and, in particular, class actions on behalf of accountholders against financial institutions;

   b) There is no conflict of interest between Plaintiff and the unnamed members of the Class;

   c) Plaintiff anticipates no difficulty in the management of this litigation as a class action; and

   d) Plaintiff's legal counsel has the financial and legal resources to meet the substantial costs and legal issues associated with this type of litigation.

54. Plaintiff knows of no difficulty to be encountered in the maintenance of this action that would preclude its maintenance as a class action.

55. Probiller has acted or refused to act on grounds generally applicable to the class, thereby making appropriate corresponding declaratory relief with respect to the Class as a whole.

56. All conditions precedent to bringing this action have been satisfied and/or waived.

## CAUSES OF ACTION
## FIRST CLAIM FOR RELIEF
**Breach of Contract, Including Breach of the Covenant of Good Faith and Fair Dealing**
**(On Behalf of Plaintiff and the Classes)**

57. Plaintiff realleges the preceding paragraphs as though fully set forth herein.

58. Plaintiff and Defendant contracted for certain services as embodied in the Terms of Service attached hereto as **Exhibit A**.

59. No contract provision authorizes Defendant to charge consumers for more than the one membership they affirmatively select.

60. Additionally, no contract provision authorizes Defendant to charge consumers after they cancel their memberships.

61. Therefore, Defendant breached the terms of its contract.

62. In addition, there exists an implied covenant of good faith and fair dealing in all contracts that neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract. Good faith and fair dealing, in connection with executing contracts and discharging performance and other duties according to their terms, means preserving the spirit – not merely the letter – of the bargain. Put differently, the parties to a contract are mutually obligated to comply with the substance of their contract in addition to its form. Evading the spirit of the bargain and abusing the power to specify terms constitute examples of bad faith in the performance of contracts.

63. Subterfuge and evasion violate the obligation of good faith in performance even when an actor believes their conduct to be justified. Bad faith may be overt or may consist of inaction, and fair dealing may require more than honesty. Examples of bad faith are evasion of the spirit of the bargain, willful rendering of imperfect performance, abuse of a power to specify terms, and interference with or failure to cooperate in the other party's performance.

64. The implied covenant of good faith and fair dealing applies to the performance and enforcement of contracts, limits the parties' conduct when their contract defers decision on a particular term, omits terms, or provides ambiguous terms.

65. Defendant has breached the covenant of good faith and fair dealing and abused its discretion in its contract as described herein.

66. Plaintiff and members of the Classes have performed all, or substantially all, of the obligations imposed on them under the contract.

67. Plaintiff and members of the Class have sustained damages as a result of Defendant's breaches of the contract.

### SECOND CLAIM FOR RELIEF
**Violation of the Colorado Consumer Protection Act**
**(On Behalf of Plaintiff and the Colorado Subclasses)**

68. Plaintiff incorporates the preceding allegations by reference as if fully set forth herein.

69. Plaintiff and other members of the Classes are consumers within the meaning of the Colorado Consumer Protection Act ("CCPA"). Defendant is a seller within the meaning of the CCPA.

70. Defendant's conduct, as described herein, constitutes an unfair and deceptive trade practice, as defined in Colo. Rev. Stat. § 6-1-105. Specifically, as described herein, Probiller engaged in unfair and deceptive practices by automatically enrolling Plaintiff and class members in ancillary memberships and additional products they did not want or use. Probiller's conduct amounted to a bait & switch.

71. Probiller also engaged in unfair and deceptive practices by continuing to bill consumers after they cancelled their memberships.

72. Probiller's unfair and deceptive conduct occurred, and continues to occur, in the course of Probiller's business.

73. Probiller's business practices have misled Plaintiff and the proposed Class and will continue to mislead them in the future.

74. Plaintiff relied on Defendant's misrepresentations as discussed above.

75. Had Plaintiff known the truth, he would not have signed up for a Brazzers membership.

76. Plaintiff seeks judicial orders of an equitable nature against Probiller including, but not limited to, orders declaring such practices as are complained of herein to be unlawful, unfair, fraudulent and/or deceptive and enjoining Probiller from undertaking any further unfair, unlawful, fraudulent and/or deceptive acts or omissions.

77. Probiller's practices have injured Plaintiff. Plaintiff therefore seeks damages, statutory damages, and attorneys' fees to the full extent allowed by law.

### THIRD CLAIM FOR RELIEF
### Unjust Enrichment
### (On Behalf of Plaintiff and the Classes)

78. Plaintiff repeats, realleges, and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

79. To the detriment of Plaintiff and the Class, Defendant has been, and continues to be, unjustly enriched as a result of its wrongful conduct alleged herein.

80. Plaintiff and the Class conferred a benefit on Defendant.

81. Defendant unfairly, deceptively, unjustly, and/or unlawfully accepted said benefits, which under the circumstances, would be unjust to allow Defendant to retain.

82. Defendant's unjust enrichment is traceable to, and resulted directly and proximately from, the conduct alleged herein.

83. Plaintiff and the Class, therefore, seek disgorgement of all wrongfully obtained fees received by Defendant as a result of its inequitable conduct as more fully stated herein.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class demands a jury trial on all claims so triable and judgment as follows:

(a) Certification for this matter to proceed as a class action on behalf of the Class;

(b) Declaring Probiller's billing practices and policies to be in breach of its contract with customers;

(c) For declaratory and injunctive relief as set forth above;

(d) For an order requiring Defendant to disgorge and make restitution of all monies it acquired by means of the unlawful practices set forth above;

(e) For compensatory damages according to proof;

(f) For punitive damages according to proof;

(g) For reasonable attorneys' fees and costs of suit;

(h) For pre-judgment interest; and

(i) Awarding such other and further relief as this Court deems just, proper and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff and all others similarily situated hereby demand trial by jury on all issues in this Class Action Complaint that are so triable.

Dated: November 1, 2021

By: */s/ Jeffrey D. Kaliel*
Jeffrey D. Kaliel
Sophia G. Gold
**KalielGold PLLC**
950 Gilman Street, Suite 200
Berkeley, CA 94710
(202) 350-4783
sgold@kalielgold.com

*Attorneys for Plaintiff and the Putative Class*