IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:21-cv-02960-CNS-MDB

JAMES VANDIVER, on behalf of himself and all others similarly situated,

      Plaintiff,

v.

MG BILLING LIMITED d/b/a Probiller, and
Does 1-50,

      Defendants.

---

## ORDER

---

Before the Court is Plaintiff James Vandiver's Objection (ECF No. 54) to the Magistrate Judge's Recommendation to grant in part and deny in part Defendant MG Billing Limited d/b/a Probiller's ("Probiller's") Motion to Dismiss (ECF No. 42). For the reasons set forth below, Mr. Vandiver's Objection is SUSTAINED in part and OVERRULED in part. The Magistrate Judge's Recommendation is AFFIRMED in part, DENIED in part, and ADOPTED in part. Accordingly, Probiller's Motion to Dismiss (ECF No. 15) is GRANTED in part and DENIED in part.

## I.      Background

The allegations in Mr. Vandiver's Complaint are summarized in the Magistrate Judge's Recommendation (*See* ECF No. 42).[1] After summarizing the Complaint's allegations, the

---

[1] The Court incorporates the Magistrate Judge's summary of the Complaint's allegations into its Order.

Magistrate Judge discussed the three grounds on which Probiller sought dismissal: (1) Mr. Vandiver failed to state a claim for breach of contract because Probiller's Customer Terms and Conditions ("CTC") authorized charging him for a second membership; (2) Mr. Vandiver could not state an unjust enrichment claim because a contract governed the parties' relationship; and (3) Mr. Vandiver's Colorado Consumer Protection Act ("CCPA") claim failed because he did not allege any deceptive trade practice, as well as that CCPA claims cannot be brought on a class-wide basis (*See* ECF No. 42 at 5).

The Magistrate Judge recommended granting Probiller's Motion to Dismiss to the extent it sought dismissal of Mr. Vandiver's breach of contract claim "based on a theory that the CTC prohibited Probiller" from charging Mr. Vandiver for more than one membership and on the theory that Probiller violated the duty of good faith and fair dealing (ECF No. 42 at 19, 25), but recommended denying the Motion insofar as Probiller sought dismissal based on the theory the CTC did not permit Probiller to continue charging Mr. Vandiver after he cancelled his membership (*Id.* at 23). The Magistrate Judge recommended denying dismissal of the unjust enrichment claim (*Id.* at 26). Further, the Magistrate Judge recommended denying Probiller's Motion insofar as it sought dismissal of Mr. Vandiver's individual CCPA claim (*Id.* at 32), but recommended granting dismissal of Mr. Vandiver's class-wide CCPA claim (*Id.* at 36).

Mr. Vandiver timely filed his Objection to the Magistrate Judge's Recommendation (ECF No. 54). Probiller timely filed its Response (ECF No. 55).

## II.    Standard of Review

When a magistrate judge issues a recommendation on a dispositive matter, Fed. R. Civ. 72(b)(3) requires that the district judge "determine de novo any part of the magistrate judge's

[recommendation] that has been properly objected to." An objection to a recommendation is properly made if it is both timely and specific. *United States v. 2121 East 30th St.*, 73 F.3d 1057, 1059–60 (10th Cir. 1996). An objection is sufficiently specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id.* at 1059. In conducting its review, "[t]he district judge may accept, reject, or modify the [recommendation]; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

Under Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must allege facts, accepted as true and interpreted in the light most favorable to the plaintiff, to state a claim to relief that is plausible on its face. *See, e.g.*, *Mayfield v. Bethards*, 826 F.3d 1252, 1255 (10th Cir. 2016). A plausible claim is one that allows the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If a complaint's allegations are "so general that they encompass a wide swath of conduct, much of it innocent," then a plaintiff has failed to "nudge [the] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quotation omitted). In assessing a claim's plausibility, "legal conclusions" contained in the complaint are not entitled to the assumption of truth. *See Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011). The standard, however, remains a liberal pleading standard, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Dias v. City & Cty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (quotation omitted).

### III.      Analysis

The Court has reviewed the Complaint, the Magistrate Judge's Recommendation, Mr. Vandiver's Objection, Probiller's Response, and the relevant legal authority. The Court addresses the arguments in Mr. Vandiver's Objection in turn, sustaining the Objection in part and overruling the Objection in part.

### A.  Breach of Contract Claim

Mr. Vandiver argues the Magistrate Judge erred in recommending his breach of contract claim be dismissed to the extent the claim is premised on Probiller allegedly charging him for more than one Brazzers membership (ECF No. 54 at 3).[2] The Magistrate Judge erred, Mr. Vandiver contends, because she did not properly apply the elements for a breach of contract claim (*see id.* at 5-6). Probiller urges affirmance on the grounds that the Magistrate Judge correctly understood Mr. Vandiver's claim and the governing law (*See* ECF No. 55 at 2-4). The Court agrees with Mr. Vandiver.

To plead a claim for breach of contract under Colorado law, a plaintiff must allege: (1) the existence of a contract; (2) the plaintiff's performance; (3) the defendant's failure to perform; and (4) damages. *See W. Distrib. Co. v. Diodosio*, 841 P.2d 1053, 1058 (Colo. 1992). In her Recommendation, the Magistrate Judge determined Mr. Vandiver did not adequately allege that Probiller failed to perform because he "failed to identify any term in the CTC that Probiller allegedly breached" by charging him for more than one Brazzers membership (ECF No. 42 at 14). The Court respectfully disagrees with the Magistrate Judge's recommendation. The Complaint

---

[2] The Magistrate Judge recommended dismissal of Mr. Vandiver's claim for breach of contract to the extent it is based on theory that Probiller violated the duty of good faith and fair dealing (ECF No. 42 at 25). Mr. Vandiver did not object to this recommendation.

alleges the parties contracted to charge Mr. Vandiver for a two-day membership at the two-day membership price (ECF No. 1 at 5). The Complaint further alleges that Probiller automatically enrolled him in a separate "premium" membership at the same time, which cost more than the two-day membership (*Id.* at 6-7). Therefore, as Mr. Vandiver argues, Probiller allegedly breached the parties' agreement by charging more than the cost of the two-day trial membership he selected (ECF No. 54 at 5).

As such, Mr. Vandiver has identified a "specific provision" in the parties' agreement—the price of membership—that Probiller breached by allegedly charging Mr. Vandiver for two memberships. *See Miller v. Metro. Life Ins. Co*., No. 17 CIV. 7284 (AT), 2019 WL 4450637, at *5 (S.D.N.Y. Sept. 17, 2019), *aff'd*, 979 F.3d 118 (2d Cir. 2020). Contrary to the Magistrate Judge's Recommendation, Mr. Vandiver is not required to identify any additional terms in the CTC to set forth a plausible claim for breach of contract. Nonetheless, as Mr. Vandiver observes, the CTC contemplates a singular "membership" selected "by the subscriber on the sign up page," further supporting his contention that he only contracted with Probiller to be charged for the two-day trial membership (ECF No. 30-1 at 3 (capitalization omitted)).[3] The Court rejects the notion that a contract for a specific service impliedly allows additional and undisclosed services to be added at the Defendant's unilateral whim. Mr. Vandiver contracted for a two-day membership and nothing more. For these reasons, and construing the Complaint's allegations in the light most favorable to Mr. Vandiver, *see Mayfield*, 826 F.3d at 1255, the Magistrate Judge erred in recommending dismissal of Mr. Vandiver's breach of contract claim based on this theory.

---

[3] The Court takes judicial notice of the CTC. *See, e.g.*, *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006).

**B.  CCPA Claim**

Mr. Vandiver argues the Magistrate Judge erred in recommending that his class-wide CCPA claim be dismissed because the CCPA permits plaintiffs to bring claims on a class-wide basis (*See* ECF No. 54 at 7). Probiller contends the Magistrate Judge correctly dismissed Mr. Vandiver's class-wide CCPA claim because the CCPA precludes class action claims (*See* ECF No. 55 at 7). The Court agrees with Probiller.

Numerous courts have concluded the CCPA precludes private class-wide claims. *See, e.g.*, *Martinez v. Nash Finch Co*., 886 F. Supp. 2d 1212, 1219 (D. Colo. 2012); *Murtagh v. Bed Bath & Beyond Inc*., No. 19-CV-03487-CMA-NYW, 2020 WL 4195126, at *8 (D. Colo. July 3, 2020), *report and recommendation adopted*, No. 19-CV-03487-CMA-NYW, 2020 WL 4193553 (D. Colo. July 21, 2020). The Court finds the reasoning of these cases persuasive. Moreover—and contrary to Mr. Vandiver's contention (ECF No. 54 at 7)—the Magistrate Judge properly applied Justice Steven's concurrence in *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co*., 559 U.S. 393, 416 (2010), which the Tenth Circuit had adopted in determining whether a federal rule or state law controls, *see Garman v. Campbell Cnty. Sch. Dist. No. 1*, 630 F.3d 977, 983 n.6 (10th Cir. 2010). Mr. Vandiver's citation to other cases fail to persuade otherwise (*See* ECF No. 54 at 7-10). Accordingly, the Magistrate Judge did not err in recommending dismissal of Mr. Vandiver's class-wide CCPA claim.[4]

---

[4] Mr. Vandiver alternatively requests the Court to exercise its discretionary authority, pursuant to 28 U.S.C. § 1292(b), and certify the question of whether Federal Rule of Civil Procedure 23 applies to his class claim for interlocutory review (ECF No. 54 at 10). The Court declines Mr. Vandiver's request. For the reasons set forth above, the Court concludes there are no "exceptional circumstances" that warrant an interlocutory appeal on this issue. *See Ebonie S. ex rel. Mary S. v. Pueblo Sch. Dist. 60*, No. 09-CV-00858-WJM-MEH, 2011 WL 1882829, at *2

### IV.    Conclusion

Consistent with the above analysis, the Court SUSTAINS in part and OVERRULES in part Mr. Vandiver's Objection to the Magistrate Judge's Recommendation (ECF No. 54). The Magistrate Judge's Recommendation (ECF No. 42) is AFFIRMED in part, DENIED in part, and ADOPTED in part. Accordingly, Probiller's Motion to Dismiss (ECF No. 15) is GRANTED in part and DENIED in part.

DATED this 4th day of October 2022.

BY THE COURT:

Charlotte N. Sweeney
United States District Judge

---

(D. Colo. May 17, 2011) (concluding only "exceptional circumstances" warrant § 1292(b) interlocutory appeals (quotation omitted)).