IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:21-cv-02960-CNS-MDB

JAMES VANDIVER, on behalf of himself and all others similarly situated,

      Plaintiff,

v.

MG BILLING LIMITED d/b/a Probiller, and
Does 1-50,

      Defendants.

---

ORDER

---

Before the Court are Plaintiff James Vandiver's Motion for Reconsideration, Defendant

MG Billing Limited d/b/a Probiller's ("Probiller's") Motion for Issuance of Certified Question,

and Probiller's Motion for Leave to File A Sur-Reply (ECF Nos. 67, 70, 72). For the following

reasons, the Court GRANTS Mr. Vandiver's Motion for Reconsideration, DENIES Probiller's

Motion for Issuance of Certified Question, and GRANTS Probiller's Motion for Leave to File A

Sur-Reply.

**I. BACKGROUND**

The case's background and procedural history are set forth in the Court's October 4, 2022,

Order affirming in part, denying in part, and adopting in part the United States Magistrate Judge's

Recommendation, and granting in part and denying in part Probiller's Motion to Dismiss (*See* ECF

No. 60). In October 2022, Probiller filed its Answer to Mr. Vandiver's Complaint, and the

Magistrate Judge lifted the discovery stay (ECF Nos. 62, 63). The Magistrate Judge amended the case's scheduling order in November 2022 (ECF No. 66). In December 2022, Mr. Vandiver filed his reconsideration motion regarding the Court's October 4, 2022 Order (ECF No. 67). The reconsideration motion is fully briefed, and in January 2023 Probiller filed its motion for leave to file a surreply regarding Mr. Vandiver's reconsideration motion (*See* ECF Nos. 68, 69, 71, 72). In January 2023, Probiller filed its motion requesting the Court issue a certified question to the Colorado Supreme Court regarding Mr. Vandiver's Colorado Consumer Protection Act ("CCPA") claim (ECF No. 70).

## II. ANALYSIS

Having considered the parties' briefs and relevant legal authority, the Court grants Mr. Vandiver's reconsideration motion, denies Probiller's certification motion, and grants Probiller's motion to file a surreply to Mr. Vandiver's reconsideration motion, which the Court has considered.

### A.  Mr. Vandiver's Reconsideration Motion

In its discretion, courts may consider a party's motion for reconsideration. *See, e.g., Duran v. Crandell*, No. 10-CV-02490-PAB-KMT, 2012 WL 1649160, at *1 (D. Colo. May 10, 2012). To succeed on a motion to reconsider, a party must set forth facts or law of a "strongly convincing nature to induce the court to reverse its prior decision." *Brayman v. KeyPoint Gov't Sols., Inc.*, No. 18-CV-0550-WJM-NRN, 2022 WL 1120501, at *1 (D. Colo. Apr. 14, 2022) (quotation omitted). A motion to reconsider should be denied unless it "clearly demonstrates manifest error of law or fact" or presents "newly discovered" evidence. *Id*. (quotation omitted).

Mr. Vandiver advances several arguments—in both his Motion for Reconsideration and Reply—regarding the availability of class-wide relief under the CCPA. As a preliminary matter, the Court notes that Mr. Vandiver advanced none of these arguments supporting reconsideration in his Objection to the Magistrate Judge's Recommendation, which largely concerned his breach of contract claim and the Magistrate Judge's application of *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393 (2010) (*See* ECF No. 54 at 3-10).[1] Given the Court's circumscribed institutional role, it considered only the legal arguments and issues Mr. Vandiver presented in his Objection. *See Greenlaw v. United States*, 554 U.S. 237, 243 (2008) ("In our adversary system, in both civil and criminal cases, in the first instance and on appeal, [courts] follow the principle of party presentation. That is, [courts] rely on the parties to frame the issues for decision and [are] assign[ed] . . . the role of neutral arbiter of matters the parties present."); *see also United States v. Burkholder*, 816 F.3d 607, 620 n.11 (10th Cir. 2016) ("In our adversary, common-law system, courts properly answer only the questions that the parties present to them and that are necessary for the resolution of the case at hand."). Presented for the first time with Mr. Vandiver's arguments regarding the CCPA's 2022 amendment and the availability of class-wide relief under the statute, the Court considers his arguments in turn.

---

[1] Nor—as the parties themselves note—did Mr. Vandiver or Probiller raise any of the arguments in their reconsideration briefing in the period between the Magistrate Judge's June 2022 Recommendation and the Court's October 2022 Order (ECF Nos. 68 at 7, 69 at 8-10). In this particular instance, the Court does not regard the parties' failure to raise the issues they newly present in their reconsideration briefing as a bar to its consideration of those issues, despite the principle that reconsideration motions are "generally an inappropriate vehicle" for presenting arguments that could have been previously raised. *See Spring Creek Expl. & Prod. Co., LLC v. Hess Bakken Inv. II, LLC*, No. 14-CV-00134-PAB-KMT, 2015 WL 3542699, at *2 (D. Colo. June 5, 2015).

### 1. Retroactivity

In his reconsideration motion, Mr. Vandiver contends that the Colorado General Assembly's 2022 amendment to the CCPA retroactively applies to his claim against Probiller (ECF No. 67 at 3). Probiller essentially argues there is no clear indication that the General Assembly intended the 2022 amendment to apply retroactively, and therefore the CCPA's 2022 amendment is presumptively prospective in its operation (*See, e.g.,* ECF No. 68 at 6). The Court agrees with Probiller to the extent that there is no clear indication that the 2022 amendment should apply retroactively.

Under Colorado law, a statute is "presumed to be prospective in its operation." C.R.S. § 2–4–202.[2] A statute's prospective operation means that it "operates on transactions after its effective date." *In re Est. of DeWitt*, 54 P.3d 849, 854 (Colo. 2002) (citations omitted). By contrast, a statute is retroactive if it "operates on transactions that have already occurred or on rights and obligations that existed before its effective date." *Id.* (citation omitted).

Courts presume a statute operates prospectively "[a]bsent legislative intent to the contrary." *City of Colorado Springs v. Powell*, 156 P.3d 461, 464 (Colo. 2007) (citation omitted); *see also id.* ("[U]nless intent to the contrary is shown, legislation shall apply only to those transactions occurring after [the legislation] takes effect." (citations omitted)). "Although 'express language of retroactive application is not necessary to find that a law is intended to apply retroactively,' a clear

---

[2] In interpreting the CCPA, the Court applies Colorado state rules of statutory construction. *See, e.g., Etherton v. Owners Ins. Co.,* 829 F.3d 1209, 1224 (10th Cir. 2016); *see also id.* at 1223 ("When jurisdiction is based on the parties' diverse citizenship, a federal court must assess state law claims based on the substantive law of the state." (citation omitted)). To the extent the Colorado Supreme Court has not interpreted relevant provisions of the CCPA, the Court must "predict how [the Colorado Supreme Court] would rule" in interpreting the CCPA. *Id.* (citation omitted). Decisions from the Colorado Court of Appeals are persuasive, not dispositive, and the Court follows them "absent convincing evidence that the highest court would decide otherwise." *Commonwealth Prop. Advocs., LLC v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1204 (10th Cir. 2011) (quotation omitted).

legislative intent to this effect must generally appear on the face of the statute or in its legislative

history." *Schniedwind v. Am. Fam. Mut. Ins. Co.*, 157 F. Supp. 3d 944, 948 (D. Colo. 2016)

(quoting *City of Golden v. Parker*, 138 P.3d 285, 290 (Colo. 2006); *see also Kohut v. Hartford

Life & Acc. Ins. Co.*, 710 F. Supp. 2d 1139, 1149 (D. Colo. 2008) ("To overcome this presumption,

a statute must clearly reveal a legislative intent that it be applied retroactively." (citation omitted)).

First, there is no "express language of retrospective application" in the CCPA or its 2022

amendment. *Schniedwind*, 157 F. Supp. 3d at 948. The amended statutory provision states:

> In a case certified as a class action, a successful plaintiff may recover
> actual damages, injunctive relief allowed by law, and reasonable
> attorney fees and costs.

C.R.S § 6–1–113(2.9). Nothing in this facial language demonstrates the Colorado General

Assembly's clear legislative intent that the statute should be applied retroactively. *See Kohut*, 710

F. Supp. 2d at 1149. Unlike other statutes that Colorado courts have found to apply retroactively,

§ 6–1–113(2.9) makes no mention, for instance, of CCPA claims filed "on or after" a specified

date. *See Taylor Morrison of Colorado, Inc. v. Bemas Constr., Inc.*, 411 P.3d 72, 77 (Colo. App.

2014) ("[W]hen legislation purports to apply to actions filed 'on or after' a certain date, such

language necessarily requires retroactive application of the statute because for an action to be filed

*on* the effective date, it must have accrued *prior* to that date." (citation omitted)). At bottom, crucial

to the Court's analysis "is what the statute does *not* say: nowhere does [§ 6–1–113(2.9)] specify

that its modifications or additions" to the CCPA "ought to be applied retroactively." *Powell*, 156

P.3d at 466 (original emphasis).

Second, the only legislative history the parties identify regarding the CCPA's 2022

amendment fails to rebut the presumption of prospectivity. *See Kohut*, 710 F. Supp. 2d at 1150

(concluding that an act "provide[d] no support for the conclusion" that the Colorado General Assembly intended a statute to apply retroactively based on "the only legislative document either party has cited" with respect "to [the statute's] legislative history"). As Probiller argues, nothing in the 2022 CCPA amendment's legislative history demonstrates a clear intent to apply the amendment retroactively (*See* ECF No. 68 at 6). *See also Schniedwind*, 157 F. Supp. 3d at 948. A review of the 2022 amendment's introduction, and the texts of various drafts before the final and signed amendment, evince no clear legislative intent for the 2022 amendment to apply retroactively. *HB22-1071, Damages In Class Actions Consumer Protection Act*, COLORADO GENERAL ASSEMBLY, https://leg.colorado.gov/bills/hb22-1071. At most, the 2022 amendment's legislative history demonstrates the General Assembly's introduction and enactment of the amendment as it reads on its face: without any indication that it was intended to apply retroactively.[3]

For these reasons, the Court finds no evidence of clear legislative intent—in either the CCPA's facial language or the legislative history of its 2022 amendment—that overcomes the presumption of prospectivity the Court must apply. *See Powell*, 156 P.3d at 464 (Colo. 2007); *Schniedwind*, 157 F. Supp. 3d at 948. However, that does not end the Court's inquiry.

### 2. *Remedial and Procedural Legislation*

In his Reply, Mr. Vandiver argues that retroactive application of the CCPA's recent amendment is nonetheless appropriate because it is remedial in nature (ECF No. 69 at 3). According to Mr. Vandiver, the 2022 amendment did not change "whether Probiller is liable" for

---

[3] As discussed further below, § 6–1–113(2.9) also provides no indication of the General Assembly's intent to *preclude* § 6–1–113(2.9)'s retroactive application.

its conduct, but "merely concerned the scope of damages" (*Id.* at 2). In its surreply, Probiller contends that retroactive application of the CCPA is inappropriate because the 2022 amendment is substantive in nature, not procedural or remedial (ECF No. 72-1 at 4).[4] The Court agrees with Mr. Vandiver.

In assessing whether a statute may be applied retroactively, Colorado courts have distinguished substantive statutes and statutory amendments from procedural or remedial statutes and amendments. *See DeWitt*, 54 P.3d at 854 n.3 ("Procedural statutes are distinguished from substantive statutes."). "[S]ubstantive statutes create, eliminate or modify vested rights or liabilities, while procedural statutes relate only to remedies or modes of procedure to enforce such rights or liabilities." *People v. D.K.B.*, 843 P.2d 1326, 1331 (Colo. 1993) (citation omitted). Retroactive application of a statute is permitted where the statute "effects a change that is merely procedural or remedial in nature." *Kuhn v. State*, 924 P.2d 1053, 1057 (Colo. 1996) (citation omitted). "This is because a change in remedy does not constitute the impairment of a vested right, [because] there is no such thing as a vested right in remedies." *Id.* (quotation omitted).[5] Unlike substantive statutes, if a statute is remedial or procedural it may apply retroactively so long as the

---

[4] To be sure, Mr. Vandiver mounts new substantive legal arguments in his Reply that he failed to argue in his reconsideration motion. Given that Mr. Vandiver advanced these new arguments for the first time in his Reply brief, the Court agrees with Probiller that it may choose either to ignore these arguments in resolving the reconsideration motion or permit Probiller to file a surreply. *See, e.g., E.E.O.C. v. Outback Steak House of Fla., Inc.*, 520 F. Supp. 2d 1250, 1260 (D. Colo. 2007); *Beaird v. Seagate Tech., Inc.*, 145 F.3d 1159, 1164 (10th Cir. 1998). In the interest of resolving the substantive legal issues Mr. Vandiver's reconsideration motion presents on the merits, the Court concludes it is appropriate to permit the filing of Probiller's surreply and to consider the arguments Probiller advances in its surreply. For this reason, the Court grants Probiller's Motion for Leave to File a Sur-Reply (ECF No. 72). *See also Green v. New Mexico*, 420 F.3d 1189, 1196 (10th Cir. 2005) ("Generally, the nonmoving party should be given an opportunity to respond to new material raised for the first time in the movant's reply." (citation omitted)).

[5] Colorado courts distinguish the retroactive application of procedural and remedial statutes from the "retrospective" application of substantive statutes. *See, e.g., McClenahan v. Metro. Life Ins. Co.*, 416 F. App'x 693, 696 (10th Cir. 2011) ("A statute intended to operate retroactively is impermissibly retrospective under the Colorado constitution—and thus can't be applied retroactively under state law—if but only if it impairs a vested right, creates a new obligation, imposes a new duty, or attaches a new disability."(citing Colorado law)).

General Assembly does not otherwise indicate the statute should not be retroactively applied. *See Kardoley v. Colorado State Pers. Bd.*, 742 P.2d 934, 935 (Colo. App. 1987) ("Unless a contrary intent is expressed in the statute, changes in procedural law are applicable to existing causes of action and not merely to those which may accrue in the future . . . . On the other hand, changes in substantive law generally apply only prospectively." (citations omitted)).

First, the CCPA's 2022 amendment permits a plaintiff to recover "actual damages, injunctive relief allowed by law, and reasonable attorney fees and costs." § 6–1–113(2.9). As Mr. Vandiver argues, this provision simply allows for "greater remedies" and the "mechanism for attaining for them" (ECF No. 69 at 4). This provision—which allows a plaintiff to recover specified remedies—does not alter the substantive rights the CCPA provides. *See Cont'l Title Co. v. Dist. Ct. In & For City & Cnty. of Denver*, 645 P.2d 1310, 1315 (Colo. 1982) (concluding that statute may apply retroactively because its effect was "only to provide an alternative remedy for vindication of allegedly discriminatory and unfair employment practice" and did not "remove . . . affirmative defense[s]" or "create substantive rights by retroactively changing what was formerly a lawful employment practice" into a discriminatory practice). Colorado courts have consistently concluded that similar remedy-providing provisions, which do not alter or expand the conduct for which a party may be liable, may be applied retroactively. *See id.; see also Colorado Dep't of Soc. Servs. v. Smith, Harst & Assocs., Inc.*, 803 P.2d 964, 966–67 (Colo. 1991) (concluding that statutory subsection was "remedial in nature" because it provided an "alternative remedy" and did "not remove or impair any vested rights . . . and merely created a less drastic administrative remedy for an existing obligation"); *Shell W. E&P, Inc. v. Dolores Cnty. Bd. of Comm'rs*, 948 P.2d 1002, 1013 (Colo. 1997), *as modified on denial of reh'g* (Dec. 15, 1997) (concluding statutory provision

applied retroactively because "change did not create a new obligation or impose a new duty");

*Acad. of Charter Sch. v. Adams Cnty. Sch. Dist. No. 12*, 32 P.3d 456, 467 (Colo. 2001) (concluding

a statutory amendment applied retroactively because it did not impose a "new duty or obligation").

Probiller argues that the 2022 CCPA amendment is substantive, not procedural, and

therefore cannot be applied retroactively (*See* ECF No. 72-1 at 4). According to Probiller, the 2022

amendment is not remedial because it does not "in any way" alter the remedy available to a CCPA

plaintiff (*Id.*; *see also id.* at 6). Probiller further argues that the 2022 amendment is not procedural

in nature because the Court previously determined that the CCPA's provision regarding a

plaintiff's ability to pursue class-wide relief is fundamentally substantive (*Id.* at 4-5). The Court

disagrees. As discussed above, the 2022 amendment permits the recovery of specific remedies for

a CCPA plaintiff. *See* § 6–1–113(2.9). This amendment is remedial, not substantive, in nature. The

parties previously directed the Court to examine the CCPA's other provisions, chiefly § 6–1–

113(2), in isolation and the Court did so. However, directed by the parties for the first time to

consider the newly enacted § 6–1–113(2.9), it is clear that § 6–1–113(2.9) establishes the remedies

available for class-wide CCPA claims and is therefore remedial in nature.

Second—and contrary to Probiller's argument—the 2022 amendment is not substantive in

nature simply because it authorizes a plaintiff to pursue certain forms of relief on a class-wide

basis (*See* ECF No. 72-1 at 6). Undoubtedly—under both Colorado and federal law—class actions

are procedural mechanisms for adjudicating substantive claims. *See, e.g., Jackson v. Unocal Corp.*,

262 P.3d 874, 880 (Colo. 2011) ("[Colorado Rule of Civil Procedure] 23 provides trial courts with

a *procedural* tool for consolidating claims into a class action." (emphasis added)); *Deposit Guar.*

*Nat. Bank, Jackson, Miss. v. Roper*, 445 U.S. 326, 332 (1980) ("[T]he right of a litigant to employ

Rule 23 is a procedural right only, ancillary to the litigation of substantive claims."); *Arnold v. Grill*, No. 16-CV-328-GKF-PJC, 2016 WL 10607164, at *2 (N.D. Okla. Nov. 2, 2016) ("[C]ourts have treated the right to class pursuit of claims as a procedural right." (citations omitted)); *Bonanno v. Quizno's Franchise Co., LLC*, No. CIV.A06CV02358CMAKLM, 2009 WL 1068744, at *11 (D. Colo. Apr. 20, 2009) ("Federal Rule 23 clearly remains a procedural tool, not a substantive or jurisdictional right." (citation omitted)). Therefore, application of § 6–1–113(2.9) and adjudication of CCPA claims on a class-wide basis is procedural in nature. For this reason § 6–1–113(2.9) retroactively applies to Mr. Vandiver's CCPA claim, and its application is not impermissibly retrospective. [6]  *See, e.g., Kuhn*, 924 P.2d at 1057 ("Retroactive application is permitted where the statute effects a change that is merely *procedural* or remedial in nature." (emphasis added) (citation omitted));[7] *D.K.B.*, 843 P.2d at 1332 ("Unless a contrary intent is expressed in the statute, changes in procedural law are applicable to existing causes of action and not merely to those which may accrue in the future." (quotation omitted)).[8]

---

[6] Probiller contends that applying the CCPA's amendment retroactively and permitting Mr. Vandiver to seek class-wide relief would improperly "enlarge or modify" the substantive rights or remedies conferred under the CCPA (ECF No. 72-1 at 6 (quotations omitted)). The Court disagrees. The enactment of § 6–1–113(2.9) made clear that the statutory provision is remedial, not substantive, in nature.

[7] Probiller argues that *Kuhn* "actually confirms" its contention that the 2022 CCPA amendment impacts substantive rights on the grounds that the amendment permits a plaintiff to recover reasonable attorney fees in a certified class action (ECF No. 72-1 at 7). *See also* § 6–1–113(2.9). Not so fast. *Kuhn*'s holding is clear: "[T]he right to compensation out of the common fund [is] a substantive right belonging to the litigant or the attorney." *Kuhn*, 924 P.2d at 1058. Contrary to Probiller's argument, the Colorado Supreme Court's determination that litigants and attorneys have substantive rights to compensation from a class action common fund is different—and bears not—on the permissibility under § 6–1–113(2.9) for plaintiffs to pursue specific remedies for CCPA violations. Rights in a common fund "that the litigation has *produced*" are fundamentally different from the remedies a plaintiff may recover in the course of litigation. *Kuhn*, 924 P.2d at 1057 (emphasis added).

[8] In support of its argument that even if the CCPA's 2022 amendment is "merely procedural or remedial" it should still not be applied retroactively, Probiller cites *State Bd. of Equalization v. Am. Airlines, Inc*., 773 P.2d 1033, 1040 (Colo. 1989). Probiller's reliance on *State Board*, however, is misplaced. *State Board* has been subsequently cited for the straightforward proposition that "procedural or remedial statutes which do not affect preexisting rights or obligations may be applied retroactively." *Robinson v. Lynmar Racquet Club, Inc*., 851 P.2d 274, 281 (Colo. App.

### 3. *Due Process*

Probiller argues that retroactive application of the 2022 CCPA amendment would violate its due process rights, including its expectation that Colorado law as it existed in 2021 would apply to Mr. Vandiver's claims (ECF Nos. 68 at 10-12, 72-1 at 8-10). Mr. Vandiver contends that retroactive application of the 2022 CCPA amendment would not violate Probiller's due process rights because it is remedial (ECF No. 69 at 11). The Court agrees with Mr. Vandiver.

As discussed above, the 2022 CCPA amendment is remedial and procedural in nature. It is not a substantive amendment or addition to the CCPA that "create[d], eliminate[d], or modif[ed] vested rights or liabilities." *D.K.B.*, 843 P.2d at 1331. For this reason, its retroactive application to Mr. Vandiver's CCPA claim does not violate Probiller's due process rights, and Probiller's citation to *Taylor Morrison of Colorado, Inc. v. Bemas Constr., Inc.* in support of its argument to the contrary is unavailing. 411 P.3d at 77 ("First, *the right at issue in this case was vested . . . .*" (emphasis added) (citation omitted)). Regardless, for a right to be "vested" for purposes of determining whether a statute is substantive in nature, the right "must consist of more than a mere expectation based on the anticipation of the continuance of a legal status, and in the usual case, no person has a vested right in any rule of law entitling that person to insist it shall remain unchanged for his or her future benefit." *Nye v. Indus. Claim Appeals Off. of State of Colo.*, 883 P.2d 607, 609 (Colo. App. 1994) (citation omitted). Probiller's agreement to litigate Mr. Vandiver's claims in Colorado and proceed under Colorado law is no more than a "mere expectation" that Colorado law

---

1993) (citing *State Board*, 773 P.2d 1033). Moreover, there is nothing expressed in § 6–1–113(2.9) indicating the Colorado General Assembly's intention that it—as a remedial and procedural statutory provision—should not apply retroactively. *See D.K.B.*, 843 P.2d at 1332.

regarding the remedies available under the CCPA would "remain unchanged for [Probiller's] future benefit" (*See* ECF No. 68 at 11, 72-1 at 9). *See also Nye*, 883 P.2d at 609.

* * *

For the reasons set forth above, the Colorado General Assembly did not clearly express its intent for § 6–1–113(2.9) to apply retroactively. However, and crucially, § 6–1–113(2.9) is a remedial and procedural—not substantive—statutory provision. Therefore, § 6–1–113(2.9) applies retroactively to Mr. Vandiver's CCPA claim. Retroactive application of § 6–1–113(2.9) does not violate Probiller's due process rights. Accordingly, Mr. Vandiver may pursue his CCPA claim on a class-wide basis.

## B. Probiller's Certification Motion

Probiller argues in its Motion for Issuance of Certified Question that the Court should certify the question of whether the CCPA's 2022 amendment applies retroactively to the Colorado Supreme Court (*See* ECF No. 70 at 1). The Court denies Probiller's motion.

Colorado Rule of Appellate Procedure 21.1 authorizes the Colorado Supreme Court to answer a question of state law certified to it by a federal court if the question "may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court that there is no controlling precedent in the decisions of the supreme court." Colo. App. R. 21.1(a). "Whether to certify a question of state law to the state supreme court is within the discretion of the federal court." *Painter v. Midwest Health, Inc.*, No. 21-3195, 2022 WL 17332734, at *7 (10th Cir. Nov. 30, 2022) (citation omitted). "Certification is not to be routinely invoked whenever a federal court is presented with an unsettled question of state law." *Armijo v. Ex Cam, Inc.*, 843 F.2d 406, 407 (10th Cir. 1988) (citation omitted). When federal courts "see a reasonably clear and principled

course" for resolving "arguably unsettled question[s] of state law," they may "follow it [themselves]." *Pino v. United States*, 507 F.3d 1233, 1236 (10th Cir. 2007) (citation omitted).

The Colorado Supreme Court has analyzed a wide variety of retroactive statutes, remedial and substantive. These analyses have provided ample guidance for how courts should determine whether statutes are substantive or remedial in nature, retroactive or retrospective. Fundamentally, the Colorado Supreme Court's cases have proven "clear and instructive" in the Court's own analysis of the CCPA and the retroactivity of its 2022 amendment. *Franco v. McLeish*, No. 21-CV-01736-MDB, 2022 WL 16924010, at *2 (D. Colo. Nov. 14, 2022). Therefore, the Colorado Supreme Court has a provided a "reasonably clear and principled course" for the Court's resolution of Mr. Vandiver's reconsideration motion. *See Pino*, 507 F.3d at 1236; *see also Ace Am. Ins. Co. v. Dish Network, LLC*, No. 13-CV-00560-REB-MEH, 2014 WL 811993, at *2 (D. Colo. Mar. 3, 2014) (declining to certify questions to the Colorado Supreme Court where a "well-developed body of Colorado law" existed related to the legal issue presented). Accordingly, the Court denies Probiller's certification motion.

## IV. CONCLUSION

Consistent with the above analysis, the Court GRANTS Mr. Vandiver's Motion for Reconsideration (ECF No. 67), DENIES Probiller's Motion for Issuance of Certified Question (ECF No. 70), and GRANTS Probiller's Motion for Leave to File A Sur-Reply (ECF No. 72).[9]

---

[9] To the extent either party believes the scheduling order should be modified in light of this Order, they shall file a motion within 10 days of this Order.

DATED this 1st day of February 2023.

BY THE COURT:

_____

Charlotte N. Sweeney
United States District Judge