IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:21-cv-02960-CNS-MDB

JAMES VANDIVER, on behalf of himself and all others similarly situated,

    Plaintiff,

v.

MG BILLING LIMITED d/b/a Probiller and
Does 1-50,

    Defendants.

---

# ORDER

---

Before the Court is MG Billing Ltd's d/b/a Probiller's ("Probiller's") Motion for Certification of The Court's February 1, 2023 Order For Interlocutory Appeal Under 28 U.S.C. § 1292(b) (ECF No. 83). For the reasons set forth below, Probiller's Motion is DENIED.

## I. BACKGROUND

This case's background is summarized in the Court's February 1, 2023, Order (ECF No. 73). On March 13, 2023, Probiller filed its certification motion, seeking interlocutory appeal of the Court's February 1, 2023, Order, in which the Court concluded that an amendment of the Colorado Consumer Protection Act ("CCPA") applied retroactively (*see generally id.*). The certification motion is fully briefed.

## II. ANALYSIS

Having considered the parties' briefing, the case file, and relevant legal authority, the Court denies Probiller's certification motion.

## III. LEGAL STANDARD

Under 28 U.S.C. § 1292(b), three criteria must be satisfied before a district court may certify an issue for interlocutory appeal in a civil action: (1) the order involves a "controlling question of law;" (2) there is "substantial ground for difference of opinion" as to the resolution of the question; and (3) certification "may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *see also Equal Emp. Opportunity Comm'n v. JBS USA, LLC*, No. 10-cv-02103-PAB-KLM, 2019 WL 4778796, at *4 (D. Colo. Sept. 30, 2019). A district court has discretion in determining whether to certify an order for interlocutory appeal. *See, e.g., United Transp. Union Loc. 1745 v. City of Albuquerque*, 178 F.3d 1109, 1114 (10th Cir. 1999); *Branzan Alternative Inv. Fund, LLLP v. The Bank of New York Mellon Tr. Co., N.A.*, No. 14-cv-02513-REB-MJW, 2015 WL 6859996, at *2 (D. Colo. Nov. 9, 2015). Interlocutory appeals, however, are traditionally disfavored. *See Gelder v. Coxcom Inc.*, 696 F.3d 966, 969 (10th Cir. 2012); *see also Vallario v. Vandehey*, 554 F.3d 1259, 1262 (10th Cir. 2009) ("Such appeals are necessarily disruptive, time-consuming, and expensive for the parties and the courts." (quotations omitted)). A district court will only certify an issue for interlocutory appeal under § 1292(b) in exceptional circumstances. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 74 (1996) ("Routine resort to § 1292(b) requests would hardly comport with Congress' design to reserve interlocutory review for exceptional cases . . . ." (quotations omitted)).

## IV. ANALYSIS

The parties' argumentative terrain is well-trodden: Probiller disputes the CCPA amendment's retroactive application, and Plaintiff James Vandiver contends that interlocutory appeal of the Court's prior Order is unwarranted. The Court—retreading this ground—agrees with Mr. Vandiver.

First, the Court assumes that Probiller's certification motion involves a controlling question of law (*see* ECF No. 83 at 2). *See also* § 1292(b). Both parties cite competing lines of authority regarding what constitutes a "controlling question" under § 1292(b). Given the absence of any clear and precise indication from the Tenth Circuit on how the Court should define what constitutes a "controlling question," the Court assumes that whether the CCPA applies retroactively to Mr. Vandiver's claim satisfies § 1292(b)'s first element. *Cf. XTO Energy, Inc. v. ATD, LLC*, 189 F. Supp. 3d 1174, 1194 (D.N.M. 2016).

Second, regarding the "substantial ground for differences of opinion" factor, the Court need not address this factor because, for the reasons set forth below, granting Probiller's certification motion would not materially advance this litigation, and Probiller must satisfy all § 1292(b) factors to warrant interlocutory appeal. *See* § 1292(b); *see also Ema Fin., LLC v. Vystar Corp.*, No. 1:19-cv-01545-ALC-GWG, 2021 WL 5998411, at *3 (S.D.N.Y. Dec. 20, 2021) ("The moving party has the burden of establishing all three [§ 1292(b)] elements." (quotations omitted)).[1]

---

[1] The Court notes Probiller's citation and reliance on *State ex rel. Weiser v. Ctr. for Excellence in Higher Educ., Inc.*, 499 P.3d 1081 (Colo. App. 2021), in arguing this factor is satisfied (*see, e.g.,* ECF No. 83 at 5). However, *Weiser* analyzed a meaningfully different CCPA provision. *See Weiser*, 499 P.3d at 1093–94. Moreover, at least one other court has interpreted the CCPA provision at issue in Probiller's certification motion consistent with the Court's interpretation. *See Bryan v. Apple Inc.*, No. 22-CV-00845-HSG, 2023 WL 2333893, at *3 (N.D. Cal. Mar. 2, 2023).

3

Third—addressing § 1292(b)'s "material advancement" factor—the Court disagrees with Probiller that granting its certification motion would "advance [the] ultimate termination of the case" (ECF No. 83 at 12). Probiller's argument under this factor is essentially that granting its certification motion would be judicially efficient—for instance, that granting its motion would reduce discovery and motion practice, and anticipate any appeal Probiller may file under Federal Rule of Civil Procedure 23(f) if the Court later certifies a class in this case (*see id.* at 12–13; *see also* ECF No. 90 at 3–4). But, as Mr. Vandiver contends, the possibility of any future appeal is not a valid basis for granting a § 1292(b) motion (*see* ECF No. 86 at 10). *See, e.g., Interstate Med. Licensure Compact Comm'n v. Bowling*, No. 20-cv-02942-CMA-NRN, 2023 WL 2018902, at *4 (D. Colo. Feb. 15, 2023) ("[A party] is certainly entitled to appeal the final decision in this case, but the [c]ourt will not go against Congress's will by allowing an interlocutory appeal solely because a party intends to file an appeal in the future.").

The Court also rejects Probiller's argument that granting its certification motion would be judicially efficient. Granting an interlocutory appeal in this instance would prolong this case which, at this point, was initiated over two years ago. As Mr. Vandiver argues, this fact counsels against certification under § 1292(b)'s "material advancement" factor, especially where Mr. Vandiver's other claims would not be affected by appellate review of the Court's rulings on his CCPA claim (*see* ECF No. 86 at 10). *See, e.g., Rocky Mountain Peace & Just. Ctr. v. United States Fish & Wildlife Serv.*, No. 17-cv-01210-CMA, 2017 WL 4844641, at *3 (D. Colo. Sept. 29, 2017) ("[G]ranting an interlocutory appeal in this instance will not materially advance the ultimate termination of the litigation but will, instead, result in protracted litigation that would require extended and expensive proceedings." (citation omitted)); *Par. Oil Co. v. Dillon Companies, Inc.*,

No. 05-cv-00081-REB-PAC, 2006 WL 2790429, at *2 (D. Colo. Sept. 27, 2006) ("[W]hen granting an interlocutory appeal will delay, rather than expedite, the ultimate outcome of the trial, federal courts have routinely declined to exercise their discretion to permit interlocutory appeals." (citations omitted)). *Cf. Hart v. The Boeing Co.*, No. 09 CV-01066-REB-MEH, 2010 WL 2635449, at *2 (D. Colo. June 28, 2010) (finding "material advancement" factor met where interlocutory appeal could "would terminate, *fully and finally*, th[e] lawsuit" (emphasis added)); *Kenney v. Helix TCS, Inc.*, No. 17-CV-01755-CMA-KMT, 2018 WL 510276, at *2 (D. Colo. Jan. 23, 2018) ("Should the Tenth Circuit accept [d]efendant's appeal and reverse this [c]ourt's [order denying a motion to dismiss], [p]laintiff's *sole claim* against [d]efendant would be dismissed." (emphasis added)). Probiller's citation to *Burchett v. Bardahl Oil Company*, 470 F.2d 793 (10th Cir. 1972), for the general proposition that certification under § 1292(b) may be appropriate where interlocutory appeal "might avoid protracted and expensive litigation" fails to persuade otherwise. *Id.* at 796.

For the reasons set forth above, Probiller has failed to meet its burden of showing that certification of an interlocutory order for appeal is appropriate. The Court's conclusion is bolstered by its prior determination that certification of this question to the Colorado Supreme Court was unwarranted (*see* ECF No. 73 at 12–13). *See also Kennett v. Bayada Home Health Care, Inc.*, No. 14-cv-02005-CMA-MJW, 2016 WL 374231, at *4 (D. Colo. Feb. 1, 2016). There is little reason to grant Probiller's instant certification motion to the Tenth Circuit when the Court has explained why certification of this issue to the Colorado Supreme Court was unwarranted (*see* ECF No. 73 at 12–13).

## IV. CONCLUSION

Consistent with the above analysis, Probiller's Motion for Certification of The Court's February 1, 2023 Order For Interlocutory Appeal Under 28 U.S.C. § 1292(b) (ECF No. 83) is DENIED.

DATED this 4th day of May 2023.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge